**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edward LONA, Defendant–Appellant.**

**No. 05–50231.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2006.

Filed Sept. 29, 2006.

Becky S. Walker, Esq., Pegeen D. Rhyne, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Edward Lona, Los Angeles, CA, pro se.

Thomas M. Brown, Esq., Kenneth P. White, Esq., Brown & White LLP, Los Angeles, CA, for Defendant–Appellant.

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

### MEMORANDUM *

Edward Lona appeals his jury convictions for conspiracy to possess methamphetamine with intent to distribute, possession with intent to distribute methamphetamine, and possession with intent to distribute cocaine. Lona bases his appeal on the admission of his prior convictions, the exclusion of prior convictions of the government's infor-

mant, and improper vouching by the prosecutor during rebuttal. The facts and prior proceedings are repeated herein only as necessary.

■ First, we are satisfied that the district court properly admitted appellant's 1992 and 1995 drug convictions for the purpose of showing knowledge or intent. *See* FED.R.EVID. 404(b); *see also United States v. Vo,* 413 F.3d 1010, 1018 (9th Cir.2005); *United States v. Schmidt,* 947 F.2d 362, 367 (9th Cir.1991). In particular, this evidence was admissible to rebut Lona's assertion that he intended to distribute marijuana but not methamphetamines, and to explain the coded language used by Lona and the informant. The probative and prejudicial effects of the evidence were correctly analyzed by the district court. *See* FED.R.EVID. 403; *see also United States v. Martinez,* 182 F.3d 1107, 1112 (9th Cir.1999) ("A prior conviction may be sufficiently probative of something material, even though dissimilar, when it makes the 'existence of the defendant's knowledge more probable than it would be without the evidence.'" (internal citations omitted)).

■ Second, we conclude that the district court did not abuse its discretion in excluding prior convictions of the government's informant. Vasquez's 1991 misdemeanor was over ten years old and was not a crime of dishonesty. *See* FED. R.EVID. 609(a)(2), 609(b). Vasquez's 1992 felony conviction was over ten years old and the district court determined that its probative value, supported by specific facts and circumstances, did not substantially outweigh its prejudicial effect. *See* FED. R.EVID. 609(b). Evidence of Vasquez's current drug dealing was not admissible to impeach under Federal Rule of Evidence

---

609, nor was it probative to show bias or motive to harm Lona.

 Third, we conclude that the prosecutor's later-retracted statements that two government witnesses were "honest people giving honest answers" did not constitute impermissible vouching. When "considered in the context of the entire trial," the prosecutor's statements did not "appear[ ] likely to have affected the jury's discharge of its duty to judge the evidence fairly." *United States v. Simtob*, 901 F.2d 799, 806 (9th Cir.1990).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.